# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **Edith Robinson,** individually and on behalf of all others similarly situated, | ) Civil Action No. )  ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **EMS Management & Consultants, Inc.,** | ) ) |
| Defendant. | ) ) ) ) ) ) |

## NOTICE OF REMOVAL PURSUANT TO 28. U.S.C. §§ 1441 AND 1453

**PLEASE TAKE NOTICE** that Defendant EMS Management & Consultants, Inc. ("EMS" or "Defendant"), hereby removes this state court action captioned *Robinson, et al. v. EMS Management & Consultants, Inc.*, Case No. 2023CP2102088, filed in the Court of Common Pleas for the Twelfth Judicial Circuit in Florence County, South Carolina, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

### I.    BACKGROUND

1.    On August 29, 2023, Plaintiff Edith Robinson, individually and on behalf of all others similarly situated, ("Plaintiff") filed a Class Action Complaint against EMS Management & Consultants Inc., in the County of Florence Court of Common Pleas for the Twelfth Judicial Circuit, South Carolina (the "Complaint"). A copy of the Complaint is attached as Exhibit A to this Notice.

2. The Summons and Complaint was served on EMS via process server on September 11, 2023.

3. According to the Complaint, Plaintiff is a citizen of South Carolina. Compl. ¶ 3.

4. EMS is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina. *Id*. at ¶ 4.

5. In the Complaint, Plaintiff alleges that Plaintiff and Class Members had their sensitive information exposed after "an unknown actor accessed the MOVEit Transfer server on May 30, 2023, and took certain data from that server…" *Id*. at ¶ 18.

6. Plaintiff asserts causes of action for breach of implied contract, unjust enrichment, negligence, breach of fiduciary duty, negligence *per se*, declaratory judgment, and breach of confidence. *Id*. at ¶¶ 124 – 236.

7. Plaintiff seeks to represent a putative class consisting of "[a]ll citizens of South Carolina who were users of Defendant's services whose data was breached." *Id*. at ¶ 110.

8. Plaintiff seeks recovery, for herself and members of the putative class, of "compensatory damages; reimbursement of out-of-pocket costs; declaratory relief; and injunctive relief…" *Id*. at ¶ 34. More specifically, Plaintiff alleges that she and the putative class have incurred and will continue to incur the following damages:

    a. Actual injury and damages;

    b. Diminution in the value of her PII and PHI;

    c. Lost time;

    d. Annoyance, interference, and inconvenience;

    e. Anxiety and increased concerns for loss of privacy; and

    f. Substantially increased risk of fraud, identity theft, and misuse.

*Id*. at ¶¶ 103 – 07.

9.  EMS has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

10. This notice of removal is timely because it has been filed within thirty (30) days of September 11, 2023, which is the date on which EMS accepted service of the Complaint.

11. Removal to the federal court is proper because it is the "district …embracing the place" in which the state court action is pending. 28 U.S.C. § 1441(a).

12. EMS has conferred with Plaintiff's counsel regarding the filing of this removal and Plaintiff does not oppose the removal of the case. Further, the Plaintiff and EMS's counsel have also discussed potential post removal action, and they anticipate that they may ultimately seek to transfer this matter to North Carolina Federal District Court after its removal.

**II.     GROUNDS FOR REMOVAL**

13. Jurisdiction in federal court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA") because this matter involves a putative class action, and: (1) some members of the putative class, including Plaintiff, are citizens of a state different from EMS; (2) the number of proposed class members is 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

**A. Minimal Diversity Exists**

14. EMS is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina. *Id*. at ¶ 4.

15. EMS provides medical billing services to some emergency medical service providers throughout South Carolina and across the country. *Id*. at ¶ 1.

16. As EMS is a North Carolina citizen, minimal diversity is achieved because members "of a class of plaintiffs [are]citizen[s] of a State different from" EMS. *See* 28 U.S.C. §§ 1332(d)(2).

**B. The Proposed Class Consists of More than 100 Members**

17. Plaintiff brings this action on behalf of a putative class. After a thorough investigation, EMS identified that approximately 223,598 individuals were potentially impacted.

**C. The Amount in Controversy Exceeds $5,000,000**

18. The amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs. Specifically, Plaintiff asserts the amount in "controversy exceeds $100 per class member." EMS determined that approximately 223,598 individuals associated with EMS were potentially affected by the MOVEit Transfer event. Based on Plaintiff's assessment and approximate number of class members, the damages as pled in the Complaint exceed CAFA's $5 million amount in controversy requirement. Compl. ¶¶ 9 – 10, 74, 83, 118; *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2011); *Strawn v. AT & T Mobility LLC*, 530 F.3d 293 (4th Cir. 2008).

19. Plaintiff seeks economic damages relating to a number of items, as set forth above in paragraph 7. Among other things, Plaintiff alleges she has spent time researching how to protect herself from tax fraud and identity theft, and asserts she will need "adequate, long-term credit-monitoring services funded by Defendant." Compl. ¶¶ 34, 101, 180.

20. Depending on the subscription level, an annual subscription to the widely utilized identity theft protection product Norton LifeLock costs between $89.99 and $239.88 for the first year, with renewal at an annual cost of $124.99 to $339.99.[1]

---

[1] https://lifelock.norton.com/products (last accessed on September 26, 2023).

21. A single year of the Norton LifeLock product for the proposed class of 223,598 individuals would cost between $20,121,584 and $53,636,688.20. This calculation does not even take into account Plaintiff's other alleged damages.

22. Therefore, without conceding that either Plaintiff or any member of the proposed class is entitled to any damage award, or the class certification is proper and warranted, and relying on Plaintiff's allegations without admission, Defendant states that the matter in controversy exceeds the sum or value of $5,000,000 if the class were to be certified, for those amounts sought in the Complaint.

23. EMS therefore removes this matter to this Court pursuant to 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

24. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(d).

25. A copy of this Notice of Removal is being served upon counsel for Plaintiff, and upon filing this Notice of Removal in this Court, EMS will file a true and correct copy of the Notice with the Clerk of Court of Common Pleas for the Twelfth Judicial Circuit, County of Florence, South Carolina, and will give written notice to Plaintiff. *See* 28 U.S.C. § 1446(d).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Respectfully submitted,

**THE LAW OFFICES OF L.W. COOPER JR., LLC**

*/s/ Nicholas P. Tierney*
Lindsey W. Cooper Jr. (Fed ID No. 9909)
Nicholas P. Tierney (Fed ID No. 12268)
Dustin J. Pitts (Fed ID No. 13511)
M. Linsay Boyce (Fed ID No. 11952)
36 Broad Street
Charleston, SC 29401
Tel: 843.375.6622
Fax: 843.375.6623
lwc@lwcooper.com
nick@lwcooper.com
djp@lwcooper.com
linsay@lwcooper.com

*Counsel to Defendant EMS Management & Consultants, Inc.*

Dated: October 10, 2023
Charleston, South Carolina